# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Edgebrook Bank,** | ) | |
|        Plaintiff, | ) | **Case No: 14 C 6443** |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **JPMorgan Chase Bank, N.A.,** | ) | |
|        Defendant. | ) | |

## ORDER

For the reasons stated above, the motion to dismiss [10] is granted in part and denied in part. The negligence claim is dismissed while the conversion claim remains.

## STATEMENT

**Facts**

Edgebrook sues Chase for its alleged improper acceptance on a forged and fraudulently-endorsed insurance check made out to Edgebrook and a third party, Provest Realty Services, Inc., as joint payees. (Compl., Dkt. # 1-1, ¶ 1.) Edgebrook alleges that it is a secured creditor of Provest under a February 28, 2011 mortgage loan and related documents regarding real property located at 1145-1146 N. Austin Boulevard, Chicago, Illinois ("Property"). (*Id*. ¶ 8.) Specifically, Provest collaterally assigned its rights in a mortgage on the Property to Edgebrook and pursuant to the assignment documentation, Provest and Edgebrook were additional insureds under a CGL insurance policy carried by Scottsdale Insurance Company ("Policy"). (*Id*. ¶¶ 8-9.) During the policy period, the Property suffered fire damage that was covered by the Policy and a claim was made under the Policy. (*Id*. ¶ 10.)

In July and September 2011, Edgebrook and Provest entered into a loan agreement pursuant to which Provest agreed to assign all proceeds from its Policy claim to Edgebrook. (*Id*. ¶ 11.) On

June 15, 2012, Scottsdale issued a check on the claim in the amount of $427,511.10 made out to "Provest Realty Services, Inc. and Edgebrook Bank," which it sent to Provest. (*Id.* ¶¶ 12-13.) Edgebrook alleges that after receiving the check, Provest's principal, James Reed, and another party, Claudia Cascone, forged and fraudulently endorsed the check with one or both of them indicating on the reverse side of the check that Provest was the "successor in interest" to Edgebrook. (*Id.* ¶ 14.) On June 22, 2012, Reed opened two accounts at Chase, one savings and one checking, and deposited the check into the savings account. (*Id.* ¶ 18.) Within a few weeks of June 22, 2012, Provest withdrew, transferred, or otherwise disbursed substantially all the funds from the insurance check. (*Id.* ¶¶ 19-20.) According to Edgebrook, despite the fraudulent endorsement, Chase intentionally, negligently or recklessly accepted the check for deposit, alleging counts for conversion and negligence. (*Id.* ¶ 18.) Chase moves to dismiss both counts, and Edgebrook does not contest Chase's arguments as to Count II, the negligence count. Therefore, the Court grants Chase's motion to dismiss the negligence count and addresses only the arguments related to Count I, the conversion count.

**Analysis**

"To establish that a financial institution is liable for conversion under Illinois law, the plaintiff must establish (1) that [it] owned, held an interest in, or had the right to possess a negotiable instrument; (2) that someone forged or without authority placed the plaintiff's endorsement on the instrument; and (3) that the defendant financial institution negotiated the check without [the plaintiff's] authorization." *Nat'l Accident Ins. Underwriters, Inc. v. Citibank, F.S.B.* 533 F. Supp. 2d 784, 787 (N.D. Ill. 2007) (internal quotation marks and citations omitted). An unauthorized signature is one that is made "without actual, implied, or apparent authority." 810 Ill. Comp. Stat.

5/1-201(41).

Chase contends that Provest had actual authority to endorse and deposit the check based on state court foreclosure orders regarding the Property, including Provest's status as mortgagee in possession of the Property, and Edgebrook's admitted assignment of all of its rights to Provest. Specifically, Chase points to orders entered in a foreclosure action initiated by Provest, "as assignee of Edgebrook Bank," against Palladinetti, the owner of record of the Property. (Def.'s Mem. Support Mot. Dismiss, Dkt. # 11, Ex. A, J. Consent Foreclosure, *Provest Realty Servs., Inc., as assignee of Edgebrook Bank, v. Palladinetti Props & Dev., LLC*, Cir. Ct. Cook Cnty., No. 11 CH 22667, May 30, 2012; *id.*, Ex. B, Order, *Provest Realty Servs., Inc., as assignee of Edgebrook Bank, v. Palladinetti Prop. & Dev., LLC*, Cir. Ct. Cook Cnty., No. 11 CH 22667, June 24, 2011).) Chase asserts that in the Consent Judgment, Chase's Exhibit A, Provest is referred to as assignee of Edgebrook. Further, in a June 24, 2011 order in the foreclosure case, Chase's Exhibit B, pursuant to Provest's emergency motion to appoint a receiver, Provest was placed in possession of the Property and granted "all the rights and powers granted to a mortgagee in possession under" 735 Ill. Comp. Stat. 5/15-1703. (*Id.*, Ex. B, Order, *Provest Realty Servs., Inc., as assignee of Edgebrook Bank v. Palladinetti Prop. & Dev., LLC*, Cir. Ct. Cook Cnty., No. 11 CH 22667, June 24, 2011).)[1]

Chase also contends that the authority for Provest to endorse the insurance check is found in the mortgage documents for the Property that Edgebrook sold to Provest, which Provest then

---

[1] On a motion to dismiss, the Court can take judicial notice of orders entered in other cases as well as public documents. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (judicial notice of matters of public record appropriate in considering a motion to dismiss).

assigned back to Edgebrook.[2]  Specifically, the Palladinetti mortgage that Edgebrook assigned to Provest stated that Palladinetti, as mortgagor, assigned to the mortgagee:

> All right title and interest in . . . [r]ents, issues and profits, including . . . revenues, royalties, proceeds, bonuses, accounts, contract rights, general intangibles, and all rights and claims which Mortgagor may have that in any way pertain to or are on account of the use or occupancy of the whole or any part of the Property.

(Compl., Ex. 2. ¶ 12.)  Chase contends that this provision covered all of Edgebrook's rights in the Property, including the insurance proceeds, and therefore, Provest properly endorsed the check. Chase further argues that the fact that Provest assigned the loan back to Edgebrook does not negate Provest's rights to the insurance proceeds because its assignment to Edgebrook states that Provest was entitled to "continue to receive and exercise all of the rights, benefits, and privileges under the Collateral Documents," which included the Palladinetti mortgage.  While Palladinetti originally assigned the rights to Edgebrook, Edgebrook then sold its interest in the loan to Provest.  Therefore, Chase asserts, Provest was the "successor in interest" to Edgebrook's rights under the Palladinetti Loan and Chase properly negotiated the check without Edgebrook's endorsement.

But, as Edgebrook notes, Chase ignores the fact that Edgebrook and Provest executed additional documents related to the loan at issue, which are attached to the complaint.  Specifically, a promissory note dated July 8, 2011 indicates that Edgebrook loaned Provest $75,000.00 and that the loan was secured by "all assets of Provest Realty Services, Inc.," including an assignment of the

---

[2] While not expressly alleged in the complaint, Chase states in its motion to dismiss that Edgebrook made a loan for the Property, with an accompanying mortgage and note, to an entity named Palladinetti, LLC ("Palladinetti Loan"),  Edgebrook assigned the loan (including the mortgage and note) to Provest, which then assigned the Palladinetti Loan back to Edgebrook as security for the loan it took from Edgebrook to finance the purchase of the Palladinetti Loan. Exhibit 1 attached to Edgebrook's complaint appears to support this statement.  (Compl., Ex. 1, Collateral Assignment of Mortgage and Assignment of Rents and Other Loan Documents.)

4

"Proceeds from Insurance Settlement on the insurance claim on the real estate located at 1145 North Austin – Chicago, IL 60651." (Compl., Ex. 4, Promissory Note, at 2, "Collateral.") Edgebrook filed a UCC financing statement on July 11, 2011, naming Provest as the debtor and indicating that it had a secured interest in, among other things, insurance proceeds specifically relating to a certain insurance claim on the real estate property located at 1145 North Austin, Chicago, Illinois, 60651.

Chase's contention that Edgebrook's retention of a security interest in the insurance proceeds is irrelevant to the inquiry is unpersuasive in light of the lack of any citation to supporting caselaw. Indeed, "the purpose of the financing statement is to put third parties on notice that the secured party who filed it may have a perfected security interest in the collateral described, and that further inquiry into the extent of the security interest is prudent." *Helms v. Certified Packaging Corp.*, 551 F.3d 675, 679 (7th Cir. 2008) (citation omitted). Moreover, Edgebrook attaches to its response to the motion to dismiss copies of a June 20, 2012 *lis pendens* it filed on the Property as well as its June 20, 2012 motion to intervene and vacate the judgment of consent foreclosure that had been entered on the Property and on which Chase relies to support its assertion of actual authority. (Pl.'s Opp'n Def.'s Mot. Dismiss, Dkt. # 14, Ex. 1.) These filings were made prior to Chase negotiating the check. Given these facts, the Court is unwilling at this juncture to conclude as a matter of law that Chase had authorization from Edgebrook to negotiate the insurance check based solely on Provest's endorsement as a "successor in interest" to Edgebrook.

**Conclusion**

For the reasons stated above, the motion to dismiss [10] is granted in part and denied in part. The negligence claim is dismissed while the conversion claim remains.

**Date**: December 8, 2014

*Ronald A. Guzmán*
_____
**Ronald A. Guzmán**
**United States District Judge**