UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W.M. CAPITAL PARTNERS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant.<br>───────────────────────────<br>JPMORGAN CHASE BANK, N.A.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>PROVEST REALTY SERVICES, INC.,<br>JAMES W. REED, individually and as<br>Trustee of PROVEST REALTY<br>SERVICES GRANTOR IRREVOCABLE<br>TRUST, and CLAUDIA CASCONE,<br><br>    Third-Party Defendants. | Case No. 14 C 6443<br><br>Magistrate Judge Sidney I. Schenkier |

## MEMORANDUM OPINION AND ORDER[1]

Edgebrook Bank ("Edgebrook")[2] filed this action against defendant JPMorgan Chase Bank, N.A. ("Chase") on July 17, 2014, alleging that Chase was liable for negligence and conversion for improperly accepting and depositing a check which Edgebrook, a joint payee, did

---

[1] On October 21, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 166).

[2] On May 13, 2015, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Edgebrook, the original plaintiff in this case (doc. # 63). Subsequently, the FDIC sold Edgebrook's loans to WM Capital Partners, Inc., and WM Capital Partners, Inc. was granted leave to substitute as the plaintiff in this action (doc. # 100). WM Capital Partners has filed a separate motion to substitute WM Capital Management, Inc. for WM Capital Partners (doc. # 213). Chase has disputed the motion to substitute on the grounds that the transaction documents do not show that the FDIC transferred its interest in the loan at issue in this case. The resolution of the instant motion does not depend on the identity of the plaintiff, and for purposes of this motion we refer simply to "plaintiff" going forward.

not endorse (doc. # 148: Order on Summ. J. at 1). The negligence claim was previously dismissed from the case, leaving only the conversion claim (*Id.* at 1 n.1). The remaining conversion claim is set for a jury trial to commence on February 13, 2017.

On December 22, 2014, Chase filed a third-party complaint against Provest Realty Services, Inc. ("Provest"), James W. Reed, individually and as trustee of Provest Services Grantor Irrevocable Trust ("Provest Trust"), and Claudia Cascone (collectively, "third-party defendants") asserting that Chase was entitled to contribution from all third-party defendants under the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.* ("the Act"). In its third-party complaint, Chase also seeks recovery under theories of contractual indemnification and breach of warranty of transfer from Mr. Reed and the Provest Trust (doc. # 30: Answer and Third-Party Complaint at 14-20). On January 20, 2017, Chase filed a motion for default pursuant to Federal Rule of Civil Procedure 55(a) against third-party defendants (doc. # 203). Plaintiff has filed a response brief asking the Court to deny Chase's motion, but only insofar as Chase seeks entry of default on the contribution claim (doc. # 226).

Rule 55 sets out the "two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). This first step is set out in Rule 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability [of the defaulting party] are taken as true," and the defaulting party has no right to dispute the issue of liability. *VLM Food*, 811 F.3d at 255 (internal quotations and citations omitted). However, "the entry of default does not of itself determine

rights;" the plaintiff still must establish his entitlement to the relief he seeks in order to obtain entry of a default judgment under Rule 55(b). *Id.* (internal quotations and citations omitted).[3]

At this stage, Chase contends that it has established a default by third-party defendants. Third-party defendants' attorney filed answers to Chase's third-party complaint on behalf of Provest and Mr. Reed, individually and as trustee of Provest Trust, on March 26, 2015 (doc. # 54) and on behalf of Ms. Cascone on March 9, 2016 (doc. # 138), after her motion to dismiss was denied (doc. # 136). However, on July 16, 2016, the attorney for all third-party defendants filed a motion to withdraw (doc. # 149), which was granted on July 28, 2016 (doc. # 154). More than six months has elapsed since their counsel withdrew, but third-party defendants have not retained new counsel and they have not appeared at any court hearing in this matter, despite orders requiring them to be present (docs. ## 154, 156, 161). Third-party defendants also did not appear at the pretrial conference in this matter or participate in the filing of the pretrial order. Chase contends that third-party defendants have thereby failed to participate in or defend this case, mandating an entry of default under Rule 55(a) (Chase's Mot. at 2).

Plaintiff argues that this Court should deny Chase's motion for entry of default against third-party defendants on the contribution claim because, assuming that the jury finds in plaintiff's favor, plaintiff may not be able to recover all of its damages from Chase (Pl.'s Resp. at 1-3). While the right to contribution does not affect a plaintiff's right to recover the full amount of his judgment from any individual tortfeasor who is jointly and severally liable for that plaintiff's injury, *see* 740 ILCS 100/4, another Illinois statute, 735 ILCS 5/2-1117, modifies the rule of joint and several liability for minimally culpable defendants. Section 1117 provides that "[a]ny defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault

---

[3]Plaintiff incorrectly casts Chase's motion as a motion for "default judgment," rather than default (Pl.'s Resp. at 1).

3

attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages." 735 ILCS 5/2-1117; *see also Unzicker v. Kraft Food Ingredients Corp.*, 783 N.E.2d 1024, 1033-34 (Ill. 2002) (upholding Section 1117 and determining that it does not conflict with the Act). Plaintiff argues that if the jury returns a verdict in its favor, and if this Court then finds that Chase is less than 25 percent liable for the total fault (adjudication of the third-party claims would be for the Court, as no party demanded a jury trial on those claims), plaintiff may have difficulty collecting the remaining judgment directly from third-party defendants (Pl.'s Resp. at 3).

That is a lot of "ifs," and we decline plaintiff's invitation to venture into the hypothetical on this matter. At this stage, we are ruling on Chase's motion for entry of default, which requires only a showing that third-party defendants have failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Although third-party defendants answered the complaint, Chase has shown that they have failed to "otherwise defend" against Chase's complaint because they: (1) failed to appear after their counsel withdrew, *see, e.g., Consumer Fin. Prot. Bureau v. Corinthian Colleges, Inc.*, No. 14-7194, 2015 WL 10854380, at *1 (N.D. Ill. Oct. 27, 2015) (noting that entry of default was entered on these grounds); (2) showed a "cavalier disregard for a court order" to appear, *see, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (holding that entry of default under Rule 55(a) was proper in such circumstances), and *Flowers v. U.S. Postal Serv.*, No. 08 C 552, 2009 WL 691291, at *2 (N.D. Ill. Mar. 16, 2009) (holding that the court had the authority to hold the defendant in default for its failure to abide by the court's orders); and (3) failed to appear at a scheduled pretrial conference or file a pretrial order, *see, e.g., Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992) (holding that default was properly entered in part on these grounds). Moreover, entry of default is warranted against Provest

4

because corporations may only appear through counsel, and Provest has not appeared or retained counsel for the last six months. *See Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002).

We therefore enter a default against third-party defendants pursuant to Rule 55(a). After the jury trial, if the jury finds in plaintiff's favor and against Chase, Chase still must establish that it is entitled to obtain entry of a default judgment against third-party defendants under Rule 55(b).[4] The issues plaintiff raises about the Act and Section 1117 will not arise unless the jury were to find for plaintiff, *and* this Court were to find that Chase was less than 25 percent at fault. And, the issues plaintiff has raised concerning the contribution claim would not affect Chase's claim for contract indemnity and breach of warranty of transfer against Mr. Reed and Provest Trust.

## **CONCLUSION**

For the foregoing reasons, we grant Chase's motion for default against third-party defendants under Federal Rule of Civil Procedure 55(a) (doc. # 203), and enter an order of default against all third-party defendants.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: February 1, 2017**

---

[4]As part of establishing its right to damages on its contribution claim, we would expect Chase to address the argument that because conversion is an intentional tort, *see Loman v. Freeman*, 890 N.E.2d 446, 462 (Ill. 2008), Chase would be an intentional tortfeasor and thus not entitled to contribution under the Act. *See Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 404-05 (Ill. 1994).